## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TIMOTHY YOUNGBLOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-183-NJR |
| | ) | |
| | ) | |
| SHERRY BENTON, SHARON L. HURTCH, MS. CECIL, MS. MILLS, MS. HERREFERMAN, FAIYA AHMED, STACIE DEWEESE, JULIE MORRIS, VIPIN SHAH, LYNN PITTMAN, MS. KELLEY, DEANNA BROOKHART, JEREMY KOHN, MS. MCVEY, CHRISTOPHER SPADE, MS. MCDONALD, OFFICER SLUNIKER, OFFICER HILL, EMILY THOMANN, MONICA GAITHER, CHRISTOPHER GIPSON, LACIE M. LIVINGSTON, and CHRISTOPHER WALTZ, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## **MEMORANDUM AND ORDER**

**ROSENSTENGEL, Chief Judge:**

Plaintiff Timothy L. Youngblood, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges various acts of retaliation by IDOC employees. He asserts claims against the defendants under the First, Eighth, and Fourteenth Amendments. Plaintiff seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter

1

out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff's Complaint is a total of 332 pages, consisting of approximately 105 pages of allegations and a number of exhibits. It includes various allegations against 23 individuals at Lawrence. He alleges that these individuals retaliated against him in different ways in response to lawsuits and grievances that he has filed while at Lawrence. The allegations range from January 2018 to early 2020 and include a chronology of all the ways he believes he has been retaliated against by prison staff (*See* Doc. 1, p. 7).

Among other things, Plaintiff complains of the following: denials, destruction, and mishandlings of various grievances, including labeling them as untimely (Doc. 1, pp. 8-16, 53-54, 84-92); access to the law library and issues with his Court filings (*Id*. at pp. 18-34, 58); interference with his legal and non-legal mail by mailroom staff (*Id*. at pp. 35-39); access to pain medication following his hernia surgery (*Id*. at pp. 41-51); various other issues with his medical care by medical staff (*Id.* at pp. 41-54, 70-76); improper transfers within the prison as well as refusals to approve his transfer to another prison (*Id*. at pp. 56-57); issues with his therapeutic diet (*Id*. at pp. 59-67); retaliatory disciplinary charges and due process issues (*Id*. at pp. 62-67, 70-83); and retaliatory cell searches and destruction of legal documents (*Id*. at pp. 67-69). He alleges that these actions were all taken in retaliation for filing grievances and lawsuits against prison officials. He also alleges that a number of defendants conspired with each other to retaliate against him.

**Discussion**

Simply put, the Complaint violates Federal Rule of Civil Procedure 8. Rule 8(a) requires a complaint to set forth "a short and plain statement of [Plaintiff's claim(s)] showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(d) requires "simple, concise, and direct" allegations. FED. R. CIV. P. 8(d)(1). The purpose of these rules is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). There is nothing simple, concise, or direct about Plaintiff's Complaint. It is over 100 pages and includes every incident of retaliation that he alleges he has experienced since 2018. It contains pages of word for word conversations that Plaintiff had with staff at Lawrence (*See* Doc. 1, pp. 25-27, 63-64, 70-72,77-81). It is also repetitive, referring to and repeating earlier allegations, presumably in an effort to tie the events together into one count of retaliation (*Id*. at pp. 39, 45 and 48-49, 53 and 70-71, 28 and 58, 103-104).

This effort to tie all of the events together into one count brings up another issue with Plaintiff's Complaint, it violates the rules of joinder under Federal Rules of Civil Procedure 18 through 20. Plaintiff includes every act of retaliation which occurred at Lawrence from 2018 to 2020. He tries to lump them all together under a general theory of conspiracy between the parties but offers no more than conclusory allegations that the defendants conspired together, which does not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–557 (2007). *See also Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (applying *Twombly* in a civil rights conspiracy claim and affirming dismissal of conspiracy claim resting on conclusory statement that defendants were aiding others in a civil rights violation). Instead, Plaintiff has pled several distinct acts of retaliation and other constitutional violations by various groups of defendants. Many of the claims arise from

distinct transactions or occurrences and share no common questions of fact. The claims cannot proceed together in one lawsuit. *See* FED. R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 683 (7th Cir. 2012) (A "litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."). Although the Court could exercise its authority to sever the unrelated claims into several different lawsuits, that action may result in a surplus of filing fees and potential strikes under 28 U.S.C. § 1915(g). See *George*, 507 F.3d at 607; *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Instead, the Court will allow Plaintiff an opportunity to amend his Complaint because he is in the best position to decide which claims he wants to pursue. But he is reminded that he must focus on related claims against a single group of defendants.

Accordingly, the Complaint is **DISMISSED without prejudice**. Plaintiff will have an opportunity to file a First Amended Complaint if he wishes to pursue any of his claim in this action. If he chooses to do so, Plaintiff must comply with the instructions and deadlines set forth in the below disposition. Plaintiff is reminded that should he continue to pursue unrelated claims, those claims will be subject to severance into new cases subject to additional filing fees.

### Pending Motions

As to Plaintiff's motion for counsel (Doc. 3), Plaintiff states that he has written a number of attorneys that have declined to take his case. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[1] Further, the Court finds Plaintiff capable

---

[1] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

of filing an amended complaint on his own. Thus, Plaintiff's motion for counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

### Disposition

For the reasons stated above, Plaintiff's Complaint is **DISMISSED without prejudice**. Plaintiff is **GRANTED** leave to file a First Amended Complaint by **June 2, 2020**, if he wishes to pursue any claims in this case. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

If he does choose to proceed with this action, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. The Clerk is **DIRECTED** to send Plaintiff a blank civil rights complaint form to aid him in filing a First Amended Complaint.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of

whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  5/5/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**