IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY YOUNGBLOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-183-NJR |
| ) | |
| ) | |
| SHARON L. BURTCH, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Timothy Youngblood, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. His Complaint was initially dismissed for violating Federal Rule of Civil Procedure 8, but he was granted leave to amend (Doc. 14). In his First Amended Complaint (Doc. 17), Plaintiff alleges Defendant Burtch interfered with his access to the courts and retaliated against him in violation of the First and Fourteenth Amendments. He seeks monetary damages.

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint: On September 13, 2018, Plaintiff handed Burtch a 223-page complaint to e-file (Doc. 17, p. 4). She intentionally did not file the complaint in an attempt to sabotage his case. On October 11, 2018, he tried to file a motion to amend his complaint that included 225 pages, but she only filed 211 pages of the document (*Id.*). When he asked her about the discrepancy, she admitted she probably did not file all of the documents and would contact the court. Plaintiff requested a review of his documents with the court, which was done, and Burtch was instructed to include a cover sheet with all filed documents setting forth the number of pages being e-filed (*Id.*).

Shortly after Plaintiff complained to the court, Burtch started retaliating against Plaintiff by excluded him from the law library (Doc. 17, p. 4). Plaintiff wrote several grievances about Burtch's actions and she continued to retaliate against him. On August 22, 2019, she had him forcibly removed from the law library when he threatened to write another grievance against her. She also manipulated his call passes, only calling him on certain days rather than once a week as requested. She also cancelled a number of his call passes.

## Discussion

Based on the allegations in the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

**Count 1:** **First and/or Fourteenth Amendment access to courts claim against Burtch for failing to file all of his submitted pages with the Court.**

**Count 2:** **First Amendment retaliation claim against Burtch for removing him from the law library and denying him call passes in retaliation for filing grievances.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Count 1

Plaintiff fails to state an access to courts claim against Burtch. Mere delay or inconvenience is not an unconstitutional detriment. In order to state an access to courts claim, a plaintiff must connect the defendant's conduct with his "inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted). *See also See Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) (articulating two-part test for access-to-courts claim: officials must have failed to assist in the preparation and filing of legal materials and the plaintiff must show he suffered a detriment caused by the failure). This requires a plaintiff to identify the underlying claim that was lost. *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).

Here, Plaintiff fails to allege that he was unable to pursue his case because of Burtch's actions. In fact, he alleges that he was able to contact the Court and explain the issue with his documents and missing pages. He does not allege that his case was dismissed because of Burtch's failure to properly file documents. Count 1 is, thus, **DISMISSED without prejudice**.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 2**

Plaintiff does, however, state a claim for retaliation against Burtch in Count 2. *Antoine v. Ramos*, 497 F. App'x 631, 633-4 (7th Cir. 2012); *See McKinley v. Schoenbeck*, 731 F. App'x 511, 514 (7th Cir. 2018) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009)).

**Disposition**

For the reasons stated above, Count 1 is **DISMISSED without prejudice** and Count 2 shall proceed against Sharon L. Burtch

The Clerk of Court shall prepare for Defendant Sharon L. Burtch: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on defendant, and the Court will require defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  6/16/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve her with a copy of your amended complaint. After service has been achieved, the defendant will enter her appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**